# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MALIBU BOATS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SKIER'S CHOICE, INC., )<br>)<br>Defendant. )<br>)<br>) | Case No. 3:18-015<br>[Consolidated with 3:19-cv-225] |

## ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court is Defendant Skier's Choice, Inc.'s ("Skier's Choice") Motion for Attorneys' Fees and Costs (ECF No. 260) and its Memorandum in Support of the Motion (ECF No. 261), filed on June 4, 2021. Plaintiff Malibu Boats, LLC ("Malibu") filed a Response in Opposition on July 16, 2021. (ECF No. 264.) Defendant filed a Reply on August 6, 2021. (ECF No. 265.) Plaintiff filed a Motion for Leave to File Sur-Reply on September 10, 2021. (ECF No. 266.) The Court granted the Motion for Leave to File on September 13, 2021.[1] (ECF No. 267.) For the reasons discussed below, Defendant's Motion for Attorneys' Fees and Costs is **DENIED**.

---

[1] Plaintiff did not separately file the Sur-Reply after the Court granted its Motion. Plaintiff had, however, attached the proposed Sur-Reply (ECF No. 266-1) to its Motion for Leave to File, which the Court considered for purposes of this Order.

## I. BACKGROUND

This was a patent infringement case in which Plaintiff asserted Defendant infringed U.S. Patent Nos. 9,260,161 (the "'161 Patent"); 8,578,876 (the "'873 Patent"); the 9,199,965 (the "'695 Patent"); and 10,322,777 (the "'777 Patent"). (ECF No. 176 at PageID 6281.)

The early procedural background of this case was described in the Court's Order Granting in Part and Denying in Part Defendant's Motions for Summary Judgment and is adopted here:

> On January 12, 2018, Malibu Boats filed the Complaint as to the '161, '873, and '695 Patents. (ECF No. 1.) On March, 9, 2018, Defendant filed its Answer and Counterclaims. (ECF No. 19.) Skier's Choice asserts a counterclaim for declaratory judgment, seeking a judgment of "non-infringement, invalidity, and unenforceability" for the Asserted Patents. (Id. at PageID 214.) On April 3, 2018, Malibu Boats filed its Answer to Skier's Choice's Counterclaim. (ECF No. 25.) On June 19, 2019, Malibu Boats filed the second case, asserting infringement of the newly issued '777 Patent. (Case No. 3:19-cv-225, ECF No. 33.) The Court granted Skier's Choice's Motion to Consolidate the Cases on November 27, 2019. (ECF No. 73.)

(Id. at PageID 6285.) After the Court's Summary Judgment Order, the case proceeded to trial on May 10, 2021. (ECF No. 223.) For the remaining claims, the jury rendered its verdict on May 21, 2021 (ECF No. 225), and the Court entered its Judgment based on the verdict on May 24, 2021 (ECF No. 259). The Judgment ordered that Claims 1 and 34 of the '161 Patent were invalid and not infringed; Claim 1 of the '777 Patent was invalid and not infringed; and Claim 14 of the '777 Patent was invalid. (Id.)

Defendant then filed this Motion for Attorneys' Fees and Costs on June 4, 2021. (ECF No. 260.) Plaintiff filed a Response in Opposition on July 16, 2021. (ECF No. 264.) Defendant filed a Reply on August 6, 2021. (ECF No. 265.) Plaintiff filed a Motion for Leave to File Sur-Reply on September 10, 2021. (ECF No. 266.) The Court granted the Motion for Leave to File

2

Case 3:18-cv-00015-JPM-HBG   Document 268   Filed 11/09/21   Page 2 of 9   PageID #: 12003

on September 13, 2021. (ECF No. 267.) As stated above, the Court considered the proposed Sur-Reply that was filed with that Motion. (ECF No. 266-1.)

II.  **LEGAL STANDARD**

Section 285 of 35 U.S.C. provides, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." An exceptional case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). "This determination is made on a case-by-case exercise of the district court's discretion and examination of the totality of the circumstances." Id. at 554. "[A] case can be found exceptional when a party prolongs litigation in bad faith." Taurus IP, LLC v. DaimlerChrysler Corp., 726 F.3d 1306, 1328 (Fed. Cir. 2013). "[F]ee awards are not to be used as a 'penalty for failure to win a patent infringement suit.'" Stone Basket Innovations, LLC v. Cook Med. LLC, 892 F.3d 1175, 1184 (Fed. Cir. 2018) (quoting Octane, 572 U.S. at 548).

III.  **ANALYSIS**

The Court must determine whether this case is "exceptional" such that Defendant is entitled to fees under 35 U.S.C. § 285. Defendant contends that "[a]lthough Malibu's positions in this case involved factual disputes ultimately necessitating trial, the lack of credible evidence to support Malibu's unsubstantiated claims renders this case exceptional."[2] (ECF No. 261 at PageID 11485.) Specifically, Skier's Choice identifies the following actions by Malibu that it

---

[2] Skier's Choice also contends it is entitled to costs, and the parties dispute whether an award under § 285 would include costs. (See ECF No. 264 at PageID 11634–35.) Because the Court does not find this to be an exceptional case under § 285, it does not further consider whether costs would also be included in addition to attorney fees because this issue is moot.

3

Case 3:18-cv-00015-JPM-HBG   Document 268   Filed 11/09/21   Page 3 of 9   PageID #: 12004

asserts make this case exceptional: (1) Malibu's position that the secondary tabs of Flow 3.0 were "upright"; (2) Malibu's position that the Skier's Choice tabs divert water; (3) Malibu's anticipation and obviousness positions with respect to Gen 1; and (4) Malibu's positions on enablement and written description. (Id. at PageID 11485–97.) Defendant also contends that Malibu made contradictory claims before the Patent Office and this Court. (Id. at PageID 11497–502.) In response, Plaintiff contends that its positions were reasonable and that Skier's Choice is "relitigat[ing] arguments that it lost during claim construction, summary judgment, and Rule 50(a) motions." (ECF No. 264 at PageID 11617.) (emphasis omitted.) Malibu asserts that its position that the Flow 3.0 surf system infringed the '873 Patent had support in the record and that its claims of infringement of the '777 and '161 Patents were reasonable because there was sufficient factual basis to overcome a summary judgment motion. (Id. at PageID 11618–24.) Malibu also asserts that its positions regarding the validity of its patents were reasonable and in good faith, as it was entitled to a presumption of validity, and the issue of the validity of the patents at trial had overcome summary judgment and judgment as a matter of law. (Id. at PageID 11625–27.) Additionally, Malibu contends that Skier's Choice's argument regarding Malibu's position as to validity and Malibu's representations to the PTO and this Court are reiterations of Skier's Choice's claim construction arguments. (Id. at PageID 11627–34.)

In its Reply, Skier's Choice further contends that Malibu's claim of proceeding in good faith is contradicted by the record because "Malibu's motivation here was to claim patent rights to something Malibu did not invent in order to extract a license from Skier's Choice – not to stop Skier's Choice from making and selling a patented invention." (ECF No. 265 at PageID 11869.) Skier's Choice also clarifies that its basis for seeking attorney fees is that Malibu's positions at trial were unreasonable, not that Malibu lost the trial. (Id. at PageID 11875.) Skier's

4

Choice additionally reasserts that Malibu's prosecution of its patents and representations to the Court further make this case exceptional. (Id. at PageID 11886–87.) In its Sur-Reply, Malibu contends that it is improper for Skier's Choice to speculate on Malibu's intentions for the case as evidence that this case is exceptional and merits attorney fees. (ECF No. 266-1 at PageID 11991.) Malibu also contends that the cases Skier's Choice cites that support awards of attorney fees when the case went to trial are easily distinguishable from this case's facts. (Id. at PageID 11996–97.)

    a. *Malibu's Trial Positions Were Not Unreasonable.*

Skier's Choice's assertion that Malibu's trial positions were unreasonable enough to merit an award of attorney fees lacks support in the record. Skier's Choice first asserts that Malibu's position that the Flow 3.0 infringed the '873 Patent was "baseless" because the secondary tabs could not be "upright" and thus this infringement claim was an unreasonable position to take at trial. (ECF No. 261 at PageID 11485.) On summary judgment, however, the Court had already denied Skier's Choice's motion for non-infringement based on this same argument by Skier's Choice, holding that "Skier's Choice's arguments, while veiled as a non-infringement theory, in fact require rewriting the claim term to define the first and second positions." (ECF No. 176 at PageID 6292–93.) After the Court denied summary judgment on this argument, it was not unreasonable for Malibu to proceed with the argument at trial, even if Malibu did not ultimately prevail.

Skier's Choice also contends that Malibu's position that Skier's Choice's boats' tabs diverted water was unreasonable because Malibu's expert performed insufficient testing to establish such a claim. (ECF No. 261 at PageID 11487–91.) However, in the Court's Order Granting in Part Defendant's Motion for Judgment as a Matter of Law, the Court held that there

5
Case 3:18-cv-00015-JPM-HBG   Document 268   Filed 11/09/21   Page 5 of 9   PageID #: 12006

was "a sufficient factual basis for a reasonable juror to find that claims 1 and 34 of the '161 Patent and claims 1 and 4 of the ''777 Patent are infringed by the accused products." (ECF No. 233 at PageID 7442.) This sufficient factual basis necessarily included support that Skier's Choice's boats' tabs divert water, and as a result, it was similarly not unreasonable for Malibu to proceed with this infringement theory at trial, even if it were ultimately unsuccessful.

Next, Skier's Choice asserts that "Malibu's position[s] as to anticipation and obviousness were so flawed that they cause this case to be 'exceptional.'" (ECF No. 261 at PageID 11491.) In support, Skier's Choice points out that the jury "held the asserted claims invalid as anticipated or obvious" even though at trial:

> Malibu nevertheless clung to its baseless infringement assertions and disputed Gen 1 as being anticipatory or a non-infringing alternative by relying on the flawed premises that Gen 1 boats could not shift ballast while a boat was moving, that Gen 1 is patented, and that Gen 1 cannot create a surfable wake – all of which was refuted by MasterCraft's corporate representative, Dave Ekern, during deposition and at trial and by testing performed by Dr. Eric Winkel on behalf of Skier's Choice.

(Id. at PageID 11491–93.) In response, Malibu points out that Skier's Choice "has made this argument two previous times to the Court, and both times the Court held that Malibu's position was adequate to present to the jury." (ECF No. 264 at PageID 11625.) The Court agrees with Malibu: It was not unreasonable to proceed at trial with a validity argument that had survived a motion for summary judgment and a motion for judgment as a matter of law.

Finally, Skier's Choice contends that "Malibu's overreaching claims scope also caused its asserted claims not to be enabled or adequately supported by its written disclosures," and that "[t]his too, causes Malibu's case to 'stand out from others' because the litigation was meritless from the outset." (ECF No. 261 at PageID 11493.) In response, Malibu contends that this assertion "is not supported by a singe cited case. Skier's Choice's argument merely parrots

6

its claim construction arguments that were rejected by the Court, cites generic precedent about the written description requirement, and then claims that 'Malibu should have never pursued claims of infringement against Skier's Choice relying on such scope.'" (ECF No. 264 at PageID 11627.) The Court agrees that proceeding with claim terms as construed by the Court's Claim Construction Order was not unreasonable or exceptional conduct in a patent litigation case, even if those claims were ultimately held invalid by the jury.

>    b. *Skier's Choice's Argument About Malibu's Representations to the PTO and this Court Does Not Support a Finding that this Case is Exceptional.*

Skier's Choice then contends that "Malibu's contradictory positions of infringement and validity also establish its claims were baseless, rendering this case exceptional." (ECF No. 261 at PageID 11497.) It asserts that Malibu's infringement position in this case, "despite its pre-suit acknowledgement that Skier's Choice systems use trim tabs and its prior statements to the PTO and in other litigation that trim tab devices do not anticipate, show that Malibu's infringement claims were exceptional and warrant an award of fees under § 285." (Id. at PageID 11501.) Malibu, in its Response, contends that "these repackaged arguments reflect nothing more than claim construction disputes that the Court decided *in Malibu's favor* long ago." (ECF No. 264 at PageID 11630.) (emphasis in original.) In its review of Skier's Choice's arguments here, the Court agrees that these are simply repackaged claim construction arguments, and these arguments, as such, do not support a finding that this case is exceptional.

>    c. *This Case Lacks the Unreasonable Conduct at Trial or Elsewhere in the Litigation Required to Support Awarding Attorney Fees.*

In its Reply, Skier's Choice asserts that Malibu's motives for bringing this case further support an award of attorney fees and also contends that, even in cases that proceed to trial, it is proper for a court to award attorney fees. (ECF No. 265 at PageID 11869–75.)

First, Skier's Choice asserts that, because Malibu did not seek a preliminary injunction, its motivation must have been to pressure Skier's Choice into settlement. (Id. at PageID 11871.) Malibu's motivation for filing this lawsuit, whether it was to seek a permanent injunction or to seek compensation in the form of a reasonable royalty or lost profits for what it reasonably believed was infringement, does not support an award of attorney fees. Malibu, as a patent owner, has "the statutory right to exclude those that infringe a patented invention. Enforcement of this right is not an 'exceptional case' under the patent law." Checkpoint Sys., Inc. v. All-Tag Sec. S.A., 858 F.3d 1371, 1375 (Fed. Cir. 2017). "[M]otivation to implement the statutory patent right by bringing suit based on a reasonable belief in infringement is not an improper motive." Id. Malibu had a reasonable belief that Skier's Choice's products infringed, as evidenced by the fact that this case was fully litigated, and it was not until trial that all issues were resolved.

Skier's Choice also asserts that, because an award of attorney fees does not require summary adjudication, this case is still an exceptional one under Octane Fitness. (ECF No. 265 at PageID 11874.) Skier's Choice's cited cases, however, show that the trial in the instant case did not have exceptional or unreasonable conduct present to support an award of attorney fees. (See id. at PageID 11874–75.) In Alzheimer's Institute of America, Inc. v. Avid Radiopharmaceuticals, the court awarded attorney fees for a case that went to trial because the jury ultimately found that the plaintiff was not the legal owner of the patent. No. 10-6908, 2015 WL 1422337, at *3 (E.D. Penn. Mar. 30, 2015). The court held that "[l]itigants must be discouraged from bringing an infringement action based upon a patent they know or should have known they do not rightfully own, especially where they defrauded the PTO and the rightful owner of the patent." Id. This type of egregious conduct was not present in this case.

Likewise, in Eagleview Technologies, Inc. v. Xactware Solutions, Inc., the court awarded attorney fees accrued in conjunction with the plaintiff's preparation for trial and trial work due to the defendant's repeated unreasonable conduct at trial. 522 F. Supp. 3d 40, 69 (D.N.J. 2021). In Eagleview, the defendant "attempted to rehash . . . rejected [PTAB] arguments at trial," attempted to use a "patently irrelevant and inflammatory exhibit" that the court had already held inadmissible, repeatedly tried to raise arguments that the court had already disallowed, tried to introduce new defenses that had not been timely disclosed, and engaged in many other instances of misconduct. Id. at 57–68. Here, there was no such severe misconduct at trial, so Eagleview does not support finding this case to be exceptional.

Considering the totality of the circumstances, this case was one where Plaintiff lost at trial, but nothing unreasonable occurred that would merit an award of attorney fees to Defendant.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Attorneys' Fees and Costs is **DENIED**.

**IT IS SO ORDERED**, this 9th day of November, 2021.

      /s/ Jon P. McCalla  
      JON P. McCALLA  
      UNITED STATES DISTRICT COURT JUDGE